UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ACTION INK, INC.                                              CIVIL ACTION

VERSUS                                                        NO: 12-0046

NEW YORK JETS, LLC, ET AL.                                    SECTION: "H" (4)

ORDER

Before the Court is Defendants, New York Jets, et al.'s, ("Defendants") **Defendants'** *Ex Parte* **Motion for Expedited Consideration Regarding Their Motion to Compel (R. Doc. 64)**, seeking expedited consideration of Defendants' **Defendants New York Jets, LLC and Arkadium, Inc.'s Motion to Compel (R. Doc. 63)**.[1]  The underlying motion is noticed for submission on February 20, 2013.  The motion to expedite does not contain a requested date.  Both motions were not opposed by writing.[2]

This is a trademark infringement case, the details of which are unimportant for purposes of this Order.  *See* (R. Doc. 1).  The case is now nearing the end of the discovery stage, and the instant motion pertains to the scheduling of depositions which Defendants originally noticed in November 2012.  In support of the underlying motion, Defendants argue that on October 8, 2012, Defendants noticed the depositions of two employees of Plaintiff, Action Ink, Inc., ("Action"): Michael

---

[1] This is the third motion to expedite filed by Defendants.  *See* (R. Docs. 58, 61).  The Court denied these motions, because the underlying motions to compel were both deficient.  (R. Docs. 59, 62).

[2] Given the compressed time period in which the motion was filed and then ordered to be heard, the Court finds that Action's failure to supply a written opposition is clearly of no moment.  *Compare* Local Rule 7.2 (stating that motions must be noticed for submission no sooner than 15 days prior to a Court Order unless the Court orders otherwise), *with* Local Rule 7.5 (all motions in opposition must be filed no later than eight days before the noticed submission date).

Eckstein, ("Eckstein"), and Leah F. Molaison, ("Molaison") (R. Doc. 69-2).[3]  Defendants also noticed Action's corporate deposition on that date.  *See id.*  These depositions were scheduled for November 19, 20, and 21, respectively, and were to take place in New Orleans.

Defendants argue that there have been a series of delays in arranging these depositions.  On November 8, 2012, Action confirmed the deposition time for Eckstein, but stated that Molaison was not available and would have to be rescheduled for another time.  (R. Doc. 63-3, p. 2).  Instead of taking Eckstein's deposition on November 20, 2012 as agreed, Defendants' counsel, who is based in New Jersey, stated that they were still recovering from Hurricane Sandy, which struck caused widespread damage in New Jersey in late October 2012.  (R. Doc. 63-4).  In the alternative, Defendants suggested December 4th and 5th for the depositions of Eckstein and Molaison.  (R. Doc. 63-5).  Action then stated that they could not conduct the depositions on those dates, and suggested that the deposition scheduling issue be revisited at the Court's November 27, 2012 scheduling conference.  (R. Doc. 63-6, p. 2).  On January 9, 2013, Defendants contacted Action again and requested that both Eckstein and Molaison's deposition take place on consecutive days, January 28-29, 2013.  However, Action stated that it would not be available at that time.

Defendants then filed the instant motion, which seeks to compel the depositions on or before February 15, 2013.  (R. Doc. 64, p. 1).  In support thereof, Defendants argue that the expert deadline in this case is March 13, 2013, and therefore unless the depositions are ordered to take place, Defendants will be prejudiced, as they will be left with little time to perform any meaningful follow-up discovery.  *Id.*  As the motion is currently noticed for submission on February 20, 2013, expedited consideration is the only practical means of securing this relief.  *See id.*

The Court found that notwithstanding the untimely intervention of Hurricane Sandy, it was not clear why Eckstein's deposition could not take place on November 20, 2012.  It was also not clear that Defendants diligently sought to reschedule the depositions.  Further, Defendants failed to explain what steps they took between the Court's November 27, 2012 Scheduling Conference, and

---

[3]Eckstein is also enrolled as one of Action's attorneys of record in this case.

January 9, 2013, when they next requested relief. The Court also noted the apparent presence of scheduling issues on Action's side of the ledger: on November 8, 2012 Action requested dates for taking the deposition of the New York Jets and on January 14, 2013, it resumed its request for a deposition date. (R. Docs. 63-3, 63-8). In sum, the parties appeared to be locked into a discovery "staring contest" to see who blinks first. Given the paucity of the record and the pendency of the deadlines, the Court granted Defendants' motion to expedite, and set the matter for oral argument on February 7, 2013. Counsel were permitted to appear by telephone.

At oral argument, Defendants reiterated their position. They also indicated that another "conference" had taken place between the parties, in which Defendants expressed their willingness to take the depositions on either weekends or non-sequential dates. Defendants also stated that Eckstein, who is Action's principal and is apparently acting as both attorney and deponent in this matter, stated that he would be busy, and would only be available in late February to take the depositions. In opposition, Action stated that the deposition had originally been postponed at the defendants' request.

The Court inquired as to why the parties had been unable to agree on deposition dates in January. Action stated that after it was first contacted by Defendants on January 9, 2013, its own discovery requests remained outstanding, and all outstanding requests for both sides were discussed on January 28, 2013. Setting aside the issue of whether Action was justified in its delay in providing available dates for its depositions, it failed to adequately explain why the parties were unable to resolve their pending discovery issues during the entire month of January.

After consideration of the parties' contentions, and given the fact that the discovery delays had still not been adequately explained by Action, the Court ordered Eckstein to appear for deposition on February 22, 2013. Although Eckstein argued that he had a hearing in CDC at 9:00 a.m. that morning, he did not indicate the presence of a conflict during the afternoon. Accordingly, the Court ordered Eckstein's deposition to begin at 1:00 p.m. on that date, and to last no longer than two hours. The Court also ordered Molaison to appear for deposition on February 22, 2013, at 3:30

p.m., with the location of the deposition to be determined by Defendants.[4]

Finally, the Court notes that although Defendants' motion also requested Action's 30(b)(6) deposition, neither Defendants nor Action raised this particular deposition at oral argument. Due to Defendants' failure to raise this issue at oral argument the Court at present denies the request, subject to reconsideration upon the parties' inability to resolve this issue.

Accordingly,

**IT IS ORDERED** that Defendants, New York Jets, et al.'s, ("Defendants") **Defendants'** *Ex Parte* **Motion for Expedited Consideration Regarding Their Motion to Compel (R. Doc. 64)** is **GRANTED**, as specified in this Order. The Court set the matter to be heard with oral argument on Thursday, February 7, 2013, at 10:00 p.m., in the undersigned U.S. Magistrate Judge's Courtroom, located at 500 Poydras Street, Room B-431, New Orleans, Louisiana.

**IT IS FURTHER ORDERED** that **Defendants New York Jets, LLC and Arkadium, Inc.'s Motion to Compel (R. Doc. 63)** is **GRANTED** in part and **DENIED** in part.

**It is GRANTED as to compelling the depositions of** Michael Eckstein, ("Eckstein"), and Leah F. Molaison, ("Molaison"). The depositions of Eckstein and Molaison are to take place on February 22, 2013, as specified in this Order.

It is **DENIED** in all other respects, as specified in this Order.

New Orleans, Louisiana, this 15th day of February 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]Considering the fact that Molaison's deposition was scheduled on the same day as Eckstein's deposition, the Court stated that Molaison's deposition was to begin "between 3:30 and 4:00 p.m.," so as to provide some flexibility.