UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ACTION INK, INC.                                    CIVIL ACTION

VERSUS                                              NO. 12-46

NEW YORK JETS, LLC, ET AL.                          SECTION "H" (4)

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 135) of this Court's Order and Reasons (Doc. 128) dismissing it's claims with prejudice.  For the following reasons, the Motion is DENIED.

### BACKGROUND

The facts of this case are discussed in detail in this Court's June 20, 2013 Order and Reasons. (Doc. 128.)  In its Order, this Court found that Plaintiff's registered trademark of "Ultimate Fan" had

1

been abandoned. The Court ordered the mark canceled, and dismissed this case with prejudice. On July 18, 2013, Plaintiff filed a Motion for reconsideration.

## LEGAL STANDARD

"There is no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2001) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). Thus, depending on the time of filing, a motion to reconsider "is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citations omitted). Since the instant Motion was filed less than twenty-eight days after entry of the Judgment, the Motion is analyzed under Rule 59(e).

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'" *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a

complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995), denial is favored. *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**LAW AND ANALYSIS**

Plaintiff's moves this Court to reconsider its Order because, the Court allegedly failed to read and/or ignored the factual record, misstated the contents of the record, misinterpreted and misapplied the applicable law, usurped the role of the jury and generally committed a manifest injustice. In making its argument, Plaintiff raises no new issue, presents no new evidence and makes no new legal argument. Instead, Plaintiff rehashes the same arguments, facts and legal theories rejected by this Court in its Order. Plaintiff's Motion could be and, ultimately is, denied for the same reasons throughly explained in this Court's Order. However, the Court chooses to first address Plaintiffs most egregious misreading of trademark law.

Defendants' motion for summary judgement was granted, and this case was dismissed, because this Court found that Plaintiff had abandoned its trademark. The Lanham Act provides

3

that a mark is abandoned:

> When its use has been discontinued with intent not to resume. Intent not to resume may be inferred from circumstances. Nonuse for three consecutive years shall be prima facie abandonment. 'Use' of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

15 U.S.C. § 1127.  "The party asserting abandonment must establish that the owner of the mark both (1) discontinued use of the mark and (2) intended not to resume its use."  *Vais Arms., Inc. v. Vais*, 383 F.3d 287, 293 (5th Cir. 2004).  Use " for abandonment purposes is equivalent to 'use in commerce'" under 15 U.S.C. § 1127.  *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10–1333, 2012 WL 1118602, at *11 (E.D. La. Apr. 3, 2012).  The Lanham Act requires that "registrable services be *actively rendered in* interstate commerce."  *Larry Harmom Pictures Corp. v. Williams Rest. Corp.*, 929 F.2d 662, 669 (Fed. Cir. 1991) (emphasis in original).

In the Order, the Court found that, since 1995, Plaintiff's alleged use of the mark consisted almost entirely of challenges to allegedly infringing uses of the mark.  In the instant Motion, Plaintiff cites to circumstances where they offered, in a cease and desist letter, to license the mark.  Plaintiff argues that the Court incorrectly concluded that such actions did not constitute attempts to market the mark.  This argument is nothing more than an attempt to convince this Court to accept an argument previously rejected.  This argument is without merit.  Moreover, other courts have held that challenging infringing uses does not constitute use of a mark.  *Stetson v. Howard D.*

*Wolf & Assocs.*, 955 F.2d 847, 851 (2d Cir. 1992) (citing *Silverman v. CBS Inc.*, 870 F.2d 40, 47–48 (2d Cir. 1989)).

The voluminous record presented in connection with the motion for summary judgment reveals that Plaintiff's alleged use of the mark since 1995 has been almost exclusively the exercise of infringement challenges. The Court refused, in its June Order, to recognize such activity as use under the Lanham Act, and it refuses to do so again here.

## CONCLUSION

For the foregoing reasons, as well as the reasons explained in the June 20, 2013 Order and Reasons, Plaintiff's Motion is DENIED.

New Orleans, Louisiana, this 4th day of October, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE